IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 1:16-cr-366-01 |
| | : | 1:19-cv-1208 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| HENRY J. FLEMISTER, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

**January 27, 2021**

Pending before the Court is Defendant Henry J. Flemister's ("Defendant" or "Flemister") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (the "Motion"). (Doc. 99). The parties have fully briefed all issues raised in Flemister's Motion making this matter ripe for our review. (Docs. 101, 102, 107 and 108). For the reasons that follow, the Motion shall be denied and a certificate of appealability shall not issue.

**I.    BACKGROUND**

On August 9, 2017, the Defendant pled guilty pursuant to a plea agreement to Count One of a multiple count indictment, charging him with distribution and possession with intent to distribute heroin and cocaine base violation of 21 U.S.C. § 841.  (Doc. 62).

1

Following the entry of the plea, the assigned United States Probation Officer rendered a Presentence Investigation Report ("PSR") which classified Flemister as a career offender and calculated his advisory sentencing guideline range to be 151 to 188 months imprisonment. Thereafter, on October 31, 2017, the Defendant appeared before our late colleague the Honorable William W. Caldwell and was sentenced to a term of 151 months imprisonment. Judgment was entered by the Court on November 13, 2017. (Doc. 87).

On November 28, 2017, Flemister filed a *pro se* notice of appeal to the United States Court of Appeals for the Third Circuit. (Doc. 93). On April 17, 2018, the Third Circuit issued an Order granting Flemister's plea counsel leave to withdraw and granting the Government's motion to enforce the appeal waiver contained in the plea agreement. Thus, Flemister's appeal was dismissed. (Doc. 97). The Third Circuit's mandate was issued on May 9, 2018.

Thereafter, on July 16, 2019, the Defendant filed the instant §2255 Motion. The matter was reassigned to the undersigned upon the filing of Defendant's Motion. Flemister raises two grounds for relief in his Motion. First, that defense counsel was ineffective for failing to object to Flemister's career offender designation, and second, that counsel was ineffective on appeal for failing to argue a sentencing disparity based on race between Flemister and his co-Defendant.

## II.   LEGAL STANDARDS

Title 28, United States Code, Section 2255 permits federal prisoners the ability to attack the validity of their convictions and sentences, but generally is limited to curing errors that were jurisdictional, rose to the level of a constitutional violation, resulted in a "complete miscarriage of justice," or led to proceedings that were "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck,* 441 U.S. 780, 783-84 (1979) (citations omitted). *See also United States v. Addonizio,* 442 U.S. 178, 185-86 (1979); *United States v. Essig,* 10 F.3d 968, 977 n.25 (3d Cir. 1993).

### A.   Hearing on Motion

"Generally, if a prisoner's ' 2255 [motion] raises an issue of material fact, the district court must hold a hearing to determine the truth of the allegations." *Essig,* 10 F.3d at 976 (citations omitted).  A defendant is not entitled to a hearing, however, if his allegations are contradicted by the record or if they are patently frivolous.  *Solis v. United States,* 252 F.3d 289, 295 (3d Cir. 2001) (citations omitted).  Similarly, the district court is not required to hold a hearing if the motion, files, and records of the case conclusively show that the movant is not entitled to relief.  28 U.S.C. ' 2255; Rule 4(b) of the Rules Governing ' 2255 Proceedings for the United States District Courts; *Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989).  The Court has reviewed the

3

submissions in this matter and it is our considered view that a hearing is not warranted here.

### B.     Ineffective Assistance of Counsel

Since both of Flemister's grounds for relief concern allegations of ineffective assistance of counsel, we begin with the well-established standard for such claims under 28 U.S.C. § 2255. In order to successfully demonstrate ineffective assistance of counsel, a petitioner must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and (2) the errors of counsel prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687-92, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).   The first prong of the *Strickland* test requires the defendant show that counsel's performance was actually deficient. *Jermyn v. Horn,* 266 F.3d 257, 282 (3d Cir. 2001).  A court "deciding an actual ineffectiveness claim must judge the reasonableness of the counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690.  Counsel's conduct presumptively "falls within the wide range of reasonable professional assistance," and the defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689-90 (quoting *Michel v. Louisiana,* 350 U.S. 91, 93, 76 S. Ct. 158, 100 L. Ed. 83 (1955)).

The Supreme Court has cautioned against allowing defendants to "second-guess" every decision made by their representative. *Strickland,* 466 U.S. at 689. Every effort must "be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. There is a "strong presumption" that the actions of defense counsel were reasonable, and the burden rests with the defendant to overcome this high bar. *Id.* at 689. Furthermore, it is imperative that post-trial or post-plea inquiries not lead to an endless cycle of litigation, where the accused can challenge the result until he finds the one most favorable. *See id.* at 689–90.

The second prong of the *Strickland* test requires the defendant show that the deficient performance so prejudiced the defense as to raise doubt as to the accuracy of the outcome of the trial or sentence. *Strickland*, 466 U.S. at 693-94. Additionally, it "is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693; *Harrington v. Richet*, 562 U.S. 86, 111 (2011) (emphasizing recently that the "likelihood of a different result must be substantial, not just conceivable"). The petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Jermyn,* 266 F.3d at 282 (quoting *Strickland,* 466 U.S. at 693). A simple error, if it

had no effect on the judgment, does not necessitate setting aside the judgment. *Strickland,* 466 U.S. at 691.

## III. DISCUSSION

### A. Career Offender Designation

In this ground for relief, Flemister contends that defense counsel was ineffective for failing to object to his characterization as a career offender because his convictions out of the Court of Common Pleas for Dauphin County do not qualify as career offender predicates. Invoking *Evanson v. Attorney General*, 550 F.3d 284 (3d Cir. 2008), Flemister argues that the Dauphin County convictions cannot be used for the career offender designation because "the drug type in each of these cases was determined by the reference made to the controlled substance involved in the criminal complaint. However, the complaint[ ] in each case was superseded by an information which did not list the drug type. Where, as here, the complaint has been superseded by an information, the complaint cannot be used to determine the drug type." Doc. 99 at 4.

Flemister's contention is incorrect. As the records supplied by the Government establish, both the complaint and information filed in each case specified the drug involved in the offense. (Doc. 107, Ex. 1 at pp. 11-12, 15; Ex. 2 at pp. 10-11; 13). Since the drug type is specified in each charging document to which the defendant pled guilty, the premise of Flemister's argument is flawed.

6

Thus, because "there can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument," this ground for relief fails. *United States v. Sanders,* 165 F.3d 248, 253 (3d Cir. 1999).

### B. Sentencing Disparity Based on Race

Flemister next argues that his appellate counsel was ineffective for failing to argue that a sentencing disparity existed between him and his co-Defendant Kevin Bilheimer ("Bilheimer"), who was sentenced to 60 months imprisonment.

In support of this ground, Flemister contends that the only difference between him and Bilheimer is their race – Flemister is African American and Hispanic and Bilheimer is Caucasian. However, a review of the docket and presentence reports in this case reveals that Flemister's position is not accurate. First, there is a 22-year age difference between Flemister and Bilheimer, with Beilheimer being the elder.[1] At the time of sentencing, Flemister was in overall good health, while Bilheimer was suffering from a variety of serious health concerns including emphysema, high blood pressure and liver disease. Further, while the Defendants were both categorized as career offenders, their underlying offenses were of a different nature. For his part, Bilheimer's criminal history consisted of several non-violent drug and DUI charges as well as a simple assault charge. Nine of Bilheimer's 15 prior convictions were traffic-related. Meanwhile,

---

[1] Flemister is currently 40 years old. Bilheimer is 61.

7

Flemister's record consisted of several parole violations, numerous drug charges, harassment charges and one instance in which he attempted to escape from his work release program. At sentencing, Judge Caldwell granted Bilheimer a downward variance due to his age and overstatement of criminal history. Flemister was not granted a variance, but was sentenced at the bottom of the advisory guideline sentencing range.

Based on the apparent differences in Flemister and his co-Defendant aside from race, it is our considered view that appellate counsel was not ineffective for failing to raise the issue of sentencing disparities before the Third Circuit. To be sure, 18 U.S.C. § 3553(a)(6) tasks sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . ." Given the clear and articulable differences between the two men, counsel's decision not to argue sentencing disparities on appeal was entirely appropriate. Accordingly, this ground shall also be denied.

### C. Certificate of Appealability

Based on the foregoing analysis, we do not find that Flemister has made a substantial showing of the denial of a constitutional right, and as such, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

## IV. CONCLUSION

For the foregoing reasons, the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 99) shall be denied. An appropriate Order shall issue.